OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. DiCarlantonio.
[Cite as Disciplinary Counsel v. DiCarlantonio (1994), Ohio St.3d     .]
Attorneys at law -- Misconduct -- Permanent disbarment --
    Conviction for conspiracy to extort a $30,000 bribe in
    attorney's position as Steubenville City Attorney.
    (No. 93-1737 -- Submitted January 4, 1994 --  Decided
March 23, 1994.)
    On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 89-69.
    On October 6, 1986, the United States District Court for the Southern District of Ohio convicted respondent, Anthony R. DiCarlantonio of Steubenville, Ohio, Attorney Registration No. 0000483, of conspiring to affect commerce by extortion in violation of the Hobbs Act, Section 1951, Title 18, U.S.Code, and knowingly obstructing commerce by extortion, also in violation of the Hobbs Act. The court sentenced respondent to concurrent twenty-year terms on the two counts. On November 26, 1986, this court indefinitely suspended DiCarlantonio from the practice of law pursuant to former Gov.Bar R. V(9)(a)(iii), now Gov.Bar R. V(5)(A)(3) (interim suspension for felony conviction).
    Respondent successfully appealed his criminal conviction, and the case was remanded to the district court for a new trial. On February 8, 1988, following his second jury trial, respondent was found guilty of both conspiracy to violate and violation of the Hobbs Act. The court sentenced respondent to concurrent fifteen-year terms. On appeal, the United States Court of Appeals for the Sixth Circuit affirmed the conspiracy conviction and reversed respondent's conviction on the substantive Hobbs Act violation. United States v. DiCarlantonio (C.A.6, 1989), 870 F.2d 1058. The Supreme Court of the United States denied certiorari. DiCarlantonio v. United States (1989), 493 U.S. 933, 110 S.Ct. 323, 107 L.Ed.2d 313.
    In a complaint filed on December 18, 1989, relator, Office of Disciplinary Counsel, charged in Counts I and II that respondent had violated DR 1-102(A)(3) (illegal conduct

involving moral turpitude), 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (any other conduct that adversely reflects on one's fitness to practice law). The parties submitted the matter upon stipulated evidence and waived any further evidentiary hearing.

The stipulated evidence indicated that in 1986, respondent was City Attorney of Steubenville, Ohio. Attorney Otto Jack, Jr. sought respondent's interpretation of a local fire ordinance which apparently prevented one of Jack's clients from placing propane tanks within the city limits. On May 14, 1986, respondent met with Jack and Steubenville Fire Chief John Prayso. Respondent and Prayso proposed that if the ordinance were favorably changed, they would receive $30,000 for their part in changing the ordinance. Jack and his client informed the Federal Bureau of Investigation ("FBI") about this proposed arrangement. On May 28, 1986, $30,000, obtained by Jack and his client from the FBI, was delivered to respondent. When the FBI arrested respondent and Prayso later that day, respondent's briefcase contained $15,000 and Prayso had $15,000 stuffed in his socks.

Respondent stipulated, and a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found that respondent's conduct violated DR 1-102(A)(3), (4), and (6). Respondent submitted seventeen character reference letters commending him and requesting his ultimate reinstatement to the practice of law. The parties jointly recommended an indefinite suspension as the appropriate sanction. The panel recommended, based upon Disciplinary Counsel v. McClenaghan (1991), 57 Ohio St.3d 21, 565 N.E.2d 572, and Disciplinary Counsel v. Koury (1990), 50 Ohio St.3d 150, 552 N.E.2d 941, that respondent be indefinitely suspended from the practice of law.

The board adopted the findings of fact and conclusions of law of the panel. However, the board determined that the cases cited by the panel in support of its recommended sanction of indefinite suspension were distinguishable, i.e., respondent sold his public office and conspired to extort a $30,000 bribe. The board recommended that respondent be permanently disbarred and that costs be taxed to respondent.

Geoffrey Stern, Disciplinary Counsel, and Karen B. Hull, Assistant Disciplinary Counsel, for relator.

Anthony R. DiCarlantonio, pro se.

Per Curiam. We concur in the findings and recommendation of the board. Anthony R. DiCarlantonio is hereby permanently disbarred. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.